Green, Judge,
dissenting:
Among other claims set up by the plaintiffs is one for damages alleged to have been sustained by reason of the failure of the defendant to supply qualified labor under the labor clauses of the contract.
The act of July 23, 1937, gave this court jurisdiction of claims for contractors for the construction of locks and dams on the Mississippi River or its tributaries
* * * by reason of the Government having failed, as alleged, to supply qualified labor under the labor clauses of the respective contracts * * *.
I feel compelled to dissent from the construction given the statute by the majority opinion. The word “qualified,” according to the dictionary means “fitted by accomplishments or endowments for certain purposes; competent; fit.” And the synonyms are “competent, fitted, capable.”
The finding of fact made is that “the labor furnished was of a quality equal to the average ordinarily obtainable in the way provided for. in the contract.” To this finding I have no exception. I think the quality of labor was just what would be expected when obtained in the way provided for in the contract, but the testimony is positive that the labor was inefficient during the entire two years of the operation of the contract, and no finding is made as to whether the labor was qualified or unqualified. I think the plaintiffs are entitled to have such a finding made and that the finding-should be that the labor furnished was unqualified to such an extent as to delay the plaintiffs in the contract work a specified number of days.
The main point of my dissent, however, is that I consider the statute has been erroneously construed. It is said in the majority opinion that the statute “intended to give a contractor relief for only those losses which he could not have anticipated.” In support of this conclusion a quotation is made from the report of the Committee which introduced the bill, which the opinion holds indicates that the Committee’s recommendation was based on the fact that “losses had been imposed upon the contractors because of the conditions obtaining under the regulations which could not have been anticipated.”
*119 Where the language of the statute is ambiguous a statement of a Committee reporting the bill may properly be considered in determining its meaning, but in this case the statute is not ambiguous. It is direct, clear, and positive. The word “qualified” means “competent, fit, and capable.” The statement in the report upon which the opinion relies does not seem to have any relation to the bill. The effect ascribed to the report by the majority appears to me to contradict the bill instead of explaining it. A statement contained in a report cannot be used to nullify the language of the Act reported and make it of no effect.
The majority opinion holds that if the contractor got labor of such qualifications as would be expected from the relief rolls it had no right to recover, although the labor was incompetent and incapable; and that as the testimony showed that the plaintiff received just what would be expected from the relief rolls there could be no recovery on this item of plaintiffs’ claim. If this construction is given the statute it will under no circumstances afford the contractors any relief. It becomes meaningless and useless, for the contractors will always receive the kind of labor that would be expected from relief rolls.
I think the statute has been misconstrued in the majority opinion and that the plaintiffs are entitled to recover on this item for damages.